acre, and if all the quarry land in Orleans county can be sold by fixing the value of the stone in situ, the wealth of the county is beyond reasonable estimation. The Board did not pay attention enough to the other circumstances bearing directly upon the value of this property, and gave too much attention to the expert evidence and the estimates of the profits derived from the quarry business. The award is clearly excessive.

The determination should therefore be reversed, and a new trial ordered, without costs to either party.

The court disapproves of the finding that the land was of the value of $76,327.54, and finds that the determination of the Board of Claims is against the evidence, and the recovery excessive. All concur.

---

(174 App. Div. 481)

STOCKWELL v. DUNCKEL.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

1. TENANCY IN COMMON ⬤⟿40—DEDICATION—WHAT CONSTITUTES.
    Where one of the tenants in common of land gave consent to opening of a street, and the street, which was fenced, was open for 20 years, there was an acquiescence on the part of all the owners, though some did not consent in writing, which amounted to a dedication.
    [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 120; Dec. Dig. ⬤⟿40.]

2. DEDICATION ⬤⟿38—MODES OF DEDICATION.
    Dedication may be by parol or acquiescence, and cannot be revoked after a street is opened and worked.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 77, 78; Dec. Dig. ⬤⟿38.]

3. DEDICATION ⬤⟿35(2)—ACCEPTANCE—WHAT CONSTITUTES.
    A resolution accepting a street is unnecessary; and a village, by working the street, buying portions of it, and treating the whole as a public highway, accepts a dedication.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. § 70; Dec. Dig. ⬤⟿35(2).]

4. MUNICIPAL CORPORATIONS ⬤⟿654—EXISTENCE OF STREET—EVIDENCE.
    Failure to reserve the right of a street in conveyances of lots is not conclusive proof that no street exists.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1428; Dec. Dig. ⬤⟿654.]

5. MUNICIPAL CORPORATIONS ⬤⟿657(3)—STREETS—FENCES.
    That, for convenience, a person was allowed to put bars across a street to keep stock in, does not show that there was no street; the public being allowed to pass by removing the bars.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 1429, 1496; Dec. Dig. ⬤⟿657(3).]

6. MUNICIPAL CORPORATIONS ⬤⟿657(3)—STREETS—OPENING.
    Where a street had been opened, traveled, and used as a public highway up to a time within 6 years of the beginning of the action, it was still a highway; the rights of the public not having been lost by nonuser.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 1429, 1496; Dec. Dig. ⬤⟿657(3).]

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, Montgomery County.

Action by George E. Stockwell against Lewis A. Dunckel. From a judgment for defendant, plaintiff appeals. Affirmed.

The opinion of Van Kirk, J., at Trial Term, is as follows:

This action is brought to recover a judgment restraining the defendant from entering on plaintiff's premises and tearing down plaintiff's fence, or in any way damaging plaintiff's fence or property, and for $200 damages.

The question presented is whether or not what has been called an extension of West street in the village of Ft. Plain is a public street or highway. In 1883 a petition was presented to the board of trustees of the village by some 47 freeholders, asking that West street be extended from its then terminus at Spring street to the southerly line of lands owned by William Lipe, over lands of Derinda Snell, James and Sadie Williams, Emma J. Austin, and William Clark. This petition was dated August 2d, and filed with the village board August 7, 1883. Five hundred dollars was raised by subscription and $300 raised by the village, and the whole paid for the right of way across the lands of Derinda Snell. James H. Williams, one of the tenants in common of one piece of the property, executed and filed with the village clerk a paper by which he agreed to release all damages for lands owned by him within the proposed street, and agreed to procure the consent of Sarah J. Williams and Esther A. Williams, the other tenant in common, and the widow having a dower right. Emma J. Austin filed with the village clerk an agreement in writing to release to the village the right of way over her premises. This street was fenced upon both sides, and was worked by the village officers and employés, and remained open, used by whomsoever wished to use it, until December, 1903, when, by consent of this defendant a barway was constructed across the street to restrain a cow or cows being pastured upon adjoining premises. For some years this barway remained; people who desired to pass through being able to do so by removing or letting down the bars. Within 6 years last past the plaintiff constructed a permanent fence across this street. This has been a number of times torn down by the defendant and, at least until very shortly before the beginning of this action, whomsoever desired passed over this street, and it was used as a public street, from time to time being worked by the village authorities.

[1, 2] Although it does not appear that all the parties owning an interest in the Williams lot ever gave their consent in writing, yet the consent having been given by one of the tenants in common, and the street having been opened, and each side of the street having been fenced across the lot, and this condition having existed for more than 20 years, there was an acquiescence upon the part of parties owning an interest in the Williams lot in the dedication of this land for a public street. It is not necessary that a consent be in writing. It may be by parol, or by acquiescence, and cannot be revoked after the street is opened and worked. Marble v. Whitney, 28 N. Y. 307. The plaintiff, Stockwell, has succeeded to the Williams lot, and the defendant has succeeded to the Austin lot.

[3] I think it should be held that the street, as it was worked, fenced, and used for many years, by act and consent of the owners, was dedicated to the public, and that the village, by working, buying part of it, placing it upon the map of village streets, and entering a description of it in the public records, recognized it and accepted it as a public street. A resolution formally accepting it was unnecessary; it has been accepted by official acts. Matter of Hunter, 163 N. Y. 547, 57 N. E. 735, 79 Am. St. Rep. 616; City of Cohoes v. D. & H. Co., 134 N. Y. 397, 402, 31 N. E. 887; Mangam v. Sing Sing, 26 App. Div. 466, 50 N. Y. Supp. 647; Marble v. Whitney, 28 N. Y. 297, 306.

[4, 5] I cannot hold that the failure to reserve the right of the street in the conveyances of lots is conclusive proof that no street exists. The title was conveyed by the deeds, but the street existed at the time of the conveyances and still exists. It is not uncommon to convey lands by a description which includes a street or highway, without specifically reserving the street or highway; indeed, it is quite uncommon in deeds to reserve highways. A public street may be a cul de sac. The fact that a cross-fence was constructed for

159 N.Y.S.—3

convenience of property owners, with bars for passing by the public, did not divest the road of its public character. McCarthy v. Whalen, 19 Hun, 507, 508.

[6] The street had been opened, and had been traveled and used as a public highway to a time within 6 years before the beginning of this action. It has not ceased to be a highway. People v. Marlette, 94 App. Div. 592, 88 N. Y. Supp. 379; Beckwith v. Whalen, 65 N. Y. 322, 330.

The complaint must be dismissed, with costs. A decision accordingly may be submitted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Wendell & Sponable, of Ft. Plain (J. D. Wendell, of Ft. Plain, of counsel), for appellant.

Bronner & Ward, of Little Falls (George W. Ward, of Little Falls, of counsel), for respondent.

PER CURIAM. Judgment unanimously affirmed, with costs, on the opinion of Van Kirk, J., at Trial Term.

---

CROWN v. LITVAK.

(Supreme Court, Appellate Term, First Department. May 22, 1916.)

1. FRAUDS, STATUTE OF ⬦53—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR—QUESTION FOR JURY.

The fact that, under an oral agreement whereby defendant engaged plaintiff for a year from the day of their conversation, plaintiff did not begin to work until the following day, did not bring the contract within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 69, 80, 92; Dec. Dig. ⬦53.]

2. EVIDENCE ⬦471(22)—FACT OR CONCLUSION.

In an action to recover damages for a wrongful discharge from defendant's employment, plaintiff's testimony, in reply to leading questions on cross-examination, that his year was to begin on the day following his conversation with defendant, was his conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2166; Dec. Dig. ⬦471(22); Witnesses, Cent. Dig. § 833.]

3. FRAUDS, STATUTE OF ⬦159—QUESTION FOR JURY.

In an action for damages for a wrongful discharge from defendant's employment, alleged to have been under an oral contract for one year, any ambiguity in plaintiff's testimony as to the contract, and as to whether he began his employment the day it was made or the next day was for the jury.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 378; Dec. Dig. ⬦159.]

Appeal from City Court of New York, Trial Term.

Action by Philip Crown against Jacob Litvak, trading as the American Dress & Costume Company. From a judgment dismissing his complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Morris Wolf, of New York City (Isador Goetz, of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes